

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

February 15, 1949

This Opinion
Overrules Opinion
# 0-5680
in part

Hon. Ben Ramsey
Secretary of State
Capitol Station
Austin, Texas

Opinion No. V-774

Re: The inclusion of unreal-
ized profit from install-
ment sales as surplus for
franchise tax purposes.

Dear Sir:

Your request for reconsideration of Opinion
No. 0-5680 addressed to Hon. Sidney Latham, Secretary
of State, approved January 8, 1944, by Hon. Grover
Sellers as Attorney General is as follows:

"During recent months the State Audi-
tor has been engaged in examining corpora-
tions' books to determine if the proper
amount of taxable capital for franchise
tax purposes has been reported in the an-
nual reports filed in this office. In not
a few cases he has recommended assessment
of franchise tax upon unrealized gross
profit from installment sales of merchan-
dise. Several such cases involve corpora-
tions dealing in real estate, selling also
on the installment basis. The accounts and
notes receivable are spread over a period
of several months and even several years.
As collections are made the net profit is
transferred surplus and undivided profits.
Taking into earnings the net profit only
as, if and when accounts and notes are col-
lected results in income tax liability on
only the net gross income involved in any
one year and not upon the gross amount at
date of the <u>contract sale</u>. This has long
been recognized by the Commissioner of In-
ternal Revenue.

"Your attention is directed to Attor-
ney General's opinion dated April 30, 1934.
For the sake of brevity we shall not quote
from the opinion, but it is noted that a
sound and reasonable construction of the
meaning of 'surplus and undivided profits'
is presented, both from the standpoint of

accounting terminology and the recognition
under the Federal Income Tax Law of the
equity of the treatment of unrealized prof-
its. It being held in the opinion that such
profits should not be included as taxable
capital for franchise tax purposes, this
office has consistently followed the ruling
and never attempted to adjust the reports so
as to include unrealized profits from install-
ment sales as surplus for franchise tax pur-
poses.

"During 1943, however, the question was
again raised and in opinion No. 0-5680, dated
January 8, 1944, it was held that unrealized
profits should be taxed but only to the ex-
tent of the cash value of the account. A
settlement was agreed upon in the case in-
volved which prompted the request for the
opinion, but upon the basis of the corpora-
tion's appraisal. You can readily see that
an attempt to place a cash value upon an ac-
count of this nature would involve expensive
investigations which would be time-consuming.
Indeed, such a procedure would be fraught with
many unknown and unforeseen factors. There
would be collection expenses, estimated in-
come tax to be paid upon net future collec-
tions and foreclosures.

"In almost every case without exception
the taxpayer has vigorously protested the
proposed additional assessments as recommend-
ed by the State Auditor and in two or three
instances the accounts were referred back to
the Auditor. These were finally adjusted on
a basis of about 25% or 30% of the gross
amount in the unrealized profit account.
Even this involved the expense of re-examina-
tion and re-investigation. To say the least,
the recommendations for additional assessments
based on 100% of the account is causing no
little confusion in this office in attempting
to arrive at some equitable basis of assessing
additional tax, if any is actually due.

Hon. Ben Ramsey - Page 3 (V-774)

"Since the issuance of opinion No. O-5680 the Supreme Court of the United States, in South Texas Lumber Company vs. Commissioner of Internal Revenue, 333 U. S. 496, 68 S. Ct. 695, 92 L. Ed. 631, held that unrealized income attributable to the unpaid installment obligations could not be considered a part of invested capital. Emphasis was placed upon 'the difficult and time-consuming effort of appraising the uncertain market value of installment obligations' which 'may never be paid or may be paid only in part.'

"In the light of the decision of the Supreme Court in the above mentioned case and the conflicting opinions, also referred to, we respectfully request that you review the question before us and inform this office whether or not we should consider unrealized profit from installment sales as surplus for franchise tax purposes."

Article 7084, Revised Civil Statutes, as amended, provides for the payment of corporate franchise taxes ". . . based upon that proportion of the outstanding capital stock, surplus and undivided profits. . ." (Emphasis added)

An opinion dated April 30, 1934, by the Hon. James V. Allred, Attorney General, addressed to Hon. W. W. Heath, Secretary of State, in answer to the question as to whether or not unrealized profits from installment sales should be considered either as surplus or undivided profits for the purpose of computing franchise taxes, held that such items "cannot be properly carried as either the 'surplus' or 'undivided profit' account and should not, therefore, be considered in measuring the tax due by a corporation."

The reasoning of this well-considered opinion was based upon cited authorities, and particular reference was made to Section 44 of the Revenue Act of 1932, the Federal Income Tax Law.

On January 8, 1944, in opinion No. O-5680 by Hon. Grover Sellers addressed to Hon. Sidney Latham, Secretary of State, in answer to the question as to whether or not items of "unrealized profits" on installment sales were taxable under Article 8074, R. C. S., as

amended, at their face value as shown on the franchise tax reports, it was held that such items were taxable as part of the "surplus" and the tax based upon the actual value of the unrealized profits rather than the face value thereof. No reference was made to the opinion of Hon. James V. Allred above referred to.

The Supreme Court of the United States in the recent case of South Texas Lumber Company v. Commissioner of Internal Revenue, 333 U. S. 496, 92 L. Ed. 631, 68 S. Ct. 695, reasoned that:

> "The installment basis of reporting was enacted, as shown by its history, to relieve taxpayers who adopted it from having to pay an income tax in the year of sale based on the full amount of anticipated profits when in fact they had received in cash only a small portion of the sales price. Another reason was the difficult and time-consuming effort of appraising the uncertain market value of installment obligations. . . .

> ". . . Section 44 provides for the return as income 'in any taxable year that proportion of the installment payments actually received in that year which the gross profit realized or to be realized when payment is completed, bears to the total contract price.' . . . §44 does not recognize as subject to income tax liability the 'market value' of deferred installment obligations. They may never be recognized by a taxpayer on the installment basis for tax purposes under §44 or any other section, for they may never be paid, or may be paid only in part. The anticipated profits from these deferred obligations are recognized and taxable under §44 only if the obligations are paid and when they are paid, unless they are sold or transferred before payment. . . ."(Emphasis added)

The Court then held under the facts of that case and the Federal statute involved that unrealized profits from installment sales could not be considered as a part of invested capital.

After a careful reconsideration of each of the foregoing opinions of the former Attorneys General, in the light of the opinion of the Supreme Court of the United States cited, it is the opinion of this office that the ruling contained in the opinion by Hon. James V. Allred, approved April 30, 1934, which held that unrealized profits from installment sales do not constitute either surplus or undivided profits for the purpose of computing franchise taxes under the provisions of Article 7084, R. C. S., as amended, is correct, and this opinion is therefore re-affirmed. Opinion No. 0-5680 dated January 8, 1944, is expressly overruled insofar as it conflicts herewith.

## SUMMARY

Items of unrealized profit from installment sales do not constitute either "surplus" or "unrealized profits" for the purpose of computing corporate franchise taxes under the provisions of Article 7084, R. C. S., as amended. South Texas Lumber Company v. Commissioner of Internal Revenue, 333 U. S. 496, 92 L. Ed. 631, 68 S. Ct. 695; Opinion Hon. James V. Allred, Attorney General, dated April 30, 1934, approved in part. Opinion No. 0-5680 dated January 8, 1944, by Hon. Grover Sellers, Attorney General, overruled in part.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

C. K. Richards
Assistant

CKR:amm

APPROVED:

ATTORNEY GENERAL